Paul N. Tauger (CA State Bar No. 160552)
*pnt@eclipsegrp.com*
Anna M. Vradenburgh (CA State Bar No. 163212)
*amv@eclipsegrp.com*
THE ECLIPSE GROUP LLP
2020 Main Street
Suite 600
Irvine, CA 92614
Phone: 949-851-5000
Fax:    949-851-5051

Counsel for Plaintiff
PERFORMANCE FILMWORKS INC.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE FILMWORKS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> LENSBABY, INC., an Oregon corporation; LENSBABY INTERNATIONAL, INC., an Oregon corporation; LENSBABY, LLC, an Oregon limited liability company; LENSBABY, an entity of unknown status; LENSBABIES, LLC, an Oregon limited liability company; and DOES 1 through 100, <br><br> Defendants. | CIVIL ACTION <br> No. 2:14-cv-06778 DDP (PJWx) <br><br> FIRST AMENDED COMPLAINT FOR: <br><br> 1. Trademark Infringement - 15 U.S.C. § 1114 <br> 2. Counterfeit Trademark – 15 U.S.C. § 1116 <br> 3. Unfair Competition - 15 U.S.C. § 1125(a) <br> 4. State Unfair Competition – Cal.Bus.&Prof.Code § 17200 *et. seq.* <br> 5. Constructive Trust <br> 6. Accounting <br><br> **JURY TRIAL DEMANDED** |

1

**Introduction**

1.      This is an action for trademark infringement pursuant to Section 32 of the Lanham Act, unfair competition pursuant to Section 43a of the Lanham Act, California state unfair competition pursuant to Cal.Bus.&Prof. Code § 17200 *et seq.*, a constructive trust and an accounting.

**Parties**

2.      Plaintiff PERFORMANCE FILMWORKS INC. (hereafter, "PFI") is a California corporation with its principal place of business at 331 Hearst Drive, Oxnard, California 93030.

3.      Defendant LENSBABY, INC. is, on information and belief, an Oregon corporation with its principal place of business at 824 SE 16th Avenue, Portland, Oregon 97214.  On information and belief, LENSBABY, INC. transacts business within the State of California, including the Central District.

4.      Defendant LENSBABY INTERNATIONAL, INC. is, on information and belief, an Oregon corporation with its principal place of business at 824 SE 16th Avenue, Portland, Oregon 97214.  On information and belief, LENSBABY INTERNATIONAL, INC. transacts business within the State of California, including the Central District.

5.      Defendant LENSBABY, LLC is, on information and belief, an Oregon limited liability company with its principal place of business at 516 SE Morrison Street, Suite M4, Portland, Oregon 97202.  On information and belief,

1   LENSBABY, LLC. transacts business within the State of California, including the

2   Central District.

3       6.        Defendant LENSBABY is an entity of unknown status that, on

4   information and belief, has a principal place of business at 516 SE Morrison Street,

5   Suite M4, Portland, Oregon 97202.  On information and belief, LENSBABY

6   transacts business within the State of California, including the Central District.

7       7.        Defendant LENSBABIES, LLC is an entity of unknown status that,

8   on information and belief, has a principal place of business at 516 SE Morrison

9   Street, Suite M4, Portland, Oregon 97202.  On information and belief,

10  LENSBABIES, LLC. transacts business within the State of California, including

11  the Central District.

12      8.        Plaintiff is informed and believes, and upon that basis alleges, that

13  LENSBABY, INC., LENSBABY INTERNATIONAL, INC., LENSBABY, LLC

14  and LENSBABIES, LLC, (hereafter, collectively, "LensBaby") are either parent

15  companies, subsidiaries, sister companies,  alter-egos or are otherwise related

16  entities and each contributed to, or is otherwise responsible for, all or part of the

17  acts complained of herein.

18      9.        Plaintiff is unaware of the true names, capacities and acts giving rise

19  to the liability of defendants Does 1-100, and therefore sues said defendants by

20  such fictitious names.  Plaintiff will amend its Complaint to insert the true names

21  of said defendants when their names, capacities and acts giving rise to their

3

1   liability become known.  Plaintiff is informed and believes and thereon alleges that

2   Does 1-100 are responsible in some manner for the events and injuries herein

3   alleged.

4        10.     Plaintiff is informed and believes and thereon alleges that at all times

5   herein mentioned, each defendant was the agent and employee of each of the

6   remaining defendants, and was acting in the scope of his agency and employment

7   in doing the acts herein alleged.

8                        **Jurisdiction and Venue**

9      11.     This Court has jurisdiction over the subject matter of this action

10   pursuant to 28 U.S.C. §§ 2201-2202 and 28 U.S.C. §§ 1331 and 1367.

11      12. Venue of this action lies in this Judicial District pursuant to 28 U.S.C. §

12   1391.

13                          **The Parties**

14                          **Plaintiff PFI**

15      13.     PFI designs, manufactures, leases and sells camera mounts and related

16   equipment.  Its customers range from major professional production companies

17   that use elaborate camera support gear for studio cinema, video  and still cameras,

18   to private individuals seeking unique mounts for consumer "sport" cameras, such

19   as the Hero GoPro.  PFI has a unique and enviable reputation among

20   photographers and cinematographers as a producer and source of high-quality

21   camera mounts.

4

14.     PFI's products, from its most expensive professional equipment to its lowest-priced consumer equipment, are all distributed under, and physically identified, with PFI's trademark THE EDGE or EDGE.

15.     PFI owns United States Trademark Registration No. 4,126,308 for the mark THE EDGE in four international classes, including IC 009 for, "Tilting heads for cameras; Mounting devices for cameras and monitors; Gyro stabilized Remote Controlled Camera Heads; Non-Gyro stabilized Remote Controlled Camera Heads; camera mounting accessories, namely, Leveling Heads, Suspension Mounts and Spring Mounts; Cranes specially designed to work with cameras as accessories, namely, cranes for cameras, Gyro stabilized remote Controlled Camera Cranes, and Non-Gyro stabilized Remote Controlled Camera Cranes."  PFI's registration was filed October 5, 2010, and issued April 10, 2012.  The registration recites a first-use-in-commerce date for THE EDGE trademark of October 10, 2010.  PFI has additional common law rights in the mark EDGE dating from the same first-use-in-commerce.

**Defendant LENSBABY**

16.     LENSBABY is, on information and belief, an importer and wholesaler of camera lenses and lens accessories.  LENSBABY markets and distributes its products under its LENSBABY name and in several "lines," including "Spark" and "Composer Pro."  Its products consist of a variety of lens accessories, including filters, auxiliary optics, and "tilt shift" adapters that mount

1  to an existing camera/lens system and allow a user to achieve various effects.

2  Most of these products can be used with cameras that have application for both still

3  photography and videography.  These products are compatible with, and targeted

4  for use on, a number of cameras that are used for professional film and commercial

5  production, and professional still photography.  LENSBABY's target demographic

6  for its products range from professional photographers and producers of

7  commercial motion pictures to hobbyists.

8      17.      LENSBABY distributes its products through a variety of outlets,

9  ranging from small local camera stores to on-line retailers to large, professional

10  camera sales and rental outlets such as B&H in New York.  LENSBABY also sells

11  its products directly on its own website.

12      18.      On information and belief, LENSBABY introduced an accessory

13  optic that it calls the EDGE 80 in 2012.  Though the EDGE 80 has several

14  applications, it is particularly well-suited for use in conjunction with

15  LENSBABY's tilt-shift products, including the COMPOSER PRO, to produce

16  what is frequently called the "tilt-and-shift effect." The "tilt-and-shift effect" can

17  be used to simulate the appearance of minatures or toys "in camera" when

18  photographing or videoing life-sized subjects.  This effect has become very

19  popular in recent years, and is used extensively in professional film, television,

20  commercials and still projects, as well as in semi-professional and hobbyist

21  contexts.

6

**LENSBABY'S Intentional Infringement of PFI's Trademark**

19.     On or about July 20, 2011, LENSBABY filed with the United States Patent and Trademark Office ("USPTO") a trademark application for the mark EDGE in International Class 009 for, "Accessories for cameras, namely, camera lenses, camera optics filters, camera optics plates, camera lens adapters, and apertures."  In the course of the prosecution of LENSBABY's application, the USPTO Trademark Examiner issued three separate Office Actions, each citing PFI's  EDGE trademark and denying LENSBABY registration on the ground that, "The dominant element of both marks is EDGE and both marks will be used with camera related goods. In addition, the parties' goods are presumed to move through the same channels of trade.  In light of the similarities between the marks and the relatedness of the associated goods, it is likely that consumers would falsely conclude that the parties' goods originate from the same source."  On May 30, 2013, the USPTO Trademark Examiner issued a Final Office Action, refusing registration because, "Applicant's accessories for cameras are related to registrant's mounting devices for cameras and monitors because they all are types of camera accessories that are commonly sold by the same source under the same trademark."

20.     Rather than selecting a different trademark that was not confusingly similar to PFI's federally-registered THE EDGE trademark, LENSBABY filed a spurious petition with the United States Trademark Trial and Appeal Board

7

("TTAB") in which it sought cancellation of PFI's trademark on the ground that PFI was no longer using its EDGE trademark, had no intent to resume use of THE EDGE trademark and PFI had abandoned all rights in it's the EDGE trademark.

21.     PFI is informed and believes, and upon that basis alleges, that, at the time it filed its spurious cancellation petition, LENSBABY knew that its allegations of non-use and abandonment were false.  PFI is further informed and believes, and upon that basis alleges, that LENSBABY's filing of its spurious cancellation petition was done in bad-faith and for the sole purpose of forcing PFI to consent to LENSBABY's appropriation and use of PFI's federally-registered trademark for use in commerce that results in infringement of PFI's trademark rights therein.

### First Cause of Action
### Trademark Infringement
### (15 U.S.C. § 1114)

22.     PFI incorporates by reference paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.     LENSBABY's activities, as described herein, including marketing, sales and distribution of products identified as EDGE through similar channels of trade, constitutes infringement of PFI's federally-registered THE EDGE trademark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

24.     LENSBABY's use of PFI's federally-registered THE EDGE trademark is likely to result in consumer confusion as to source, sponsorship, ownership or affiliation of the goods identified by the EDGE trademark.

25.     LENSBABY's use of PFI's federally-registered THE EDGE trademark, as described herein, was willful and deliberate, and intended to trade upon the goodwill and reputation appurtenant to PFI's THE EDGE trademark.

26.     As a result of LENSBABY's wrongful conduct, PFI has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill.  PFI is entitled to recover damages, which include its own losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

27.     In addition, because LENSBABY's infringement of PFI's THE EDGE trademarks was willful within the meaning of the Lanham Act, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).  Alternatively, the award of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

28.     The illegal conduct by LENSBABY complained of herein is ongoing and unlikely to cease unless enjoined.  PFI is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all LENSBABY products bearing the infringing mark.  PFI has no adequate remedy at law for LENSBABY's wrongful conduct because, *inter alia*, (a) PFI's THE EDGE

1    trademark is a unique and valuable property that has no readily determinable

2    market value; (b) LENSBABY's infringement constitutes harm to PFI's business

3    reputation and goodwill such that PFI could not be made whole by any monetary

4    award; (c) if LENSBABY's wrongful conduct is allowed to continue, the public

5    and relevant market are likely to become further confused, mistaken, or deceived

6    as to the source, origin or authenticity of the products identified by the infringing

7    mark; and (d) LENSBABY's wrongful conduct, and the resulting damages to PFI,

8    are, on information and belief, on-going.

9        29.      PFI is also entitled to recover its attorneys' fees and costs of suit

10    pursuant to 15 U.S.C. § 1117.

11                        **Second Cause of Action**
                           **Counterfeit Trademark**

12                         **( 15 U.S.C. § 1116)**

13        30.      PFI incorporates by reference paragraphs 1 through 21 and paragraphs

14    23 through 29, inclusive, as if fully set forth herein.

15        31.      LENSBABY has applied to its products a spurious designation that is

16    identical with, or substantially indistinguishable from, the dominant portion of

17    PFI's federally-registered THE EDGE trademark. Said spurious designation is

18    counterfeit as a matter of law, pursuant to 15 U.S.C. § 1116(d)(1)(B)(ii).

19        32.      LENSBABY has sold, offered for sale and/or distributed goods

20    identified by said counterfeit mark.

21

33.     LENSBABY's conduct, as described herein, was and is willful and intentional.

34.     LENSBABY's conduct, as described herein, renders them liable to PFI in an amount up to $2,000,000.00 per counterfeit mark per type of goods sold, pursuant to 15 U.S.C. § 1117(c).  PFI is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all products identified by LENSBABY with infringing marks.

**Third Cause of Action**
**Federal Unfair Competition**
**(15 U.S.C. § 1125)**

35.     PFI incorporates by reference paragraphs 1 through 21, paragraphs 23 through 29, and paragraphs 31 through 34,  inclusive,  as if fully set forth herein.

36.     The conduct complained of herein constitutes federal unfair competition, false designation of origin, and common law trademark infringement pursuant to 15 U.S.C. § 1125(a).

37.     As a result of the illegal conduct of LENSBABY described herein, Plaintiff has been damaged in an amount to be determined.

38.     The illegal conduct by LENSBABY complained of herein is ongoing and unlikely to cease unless enjoined.  PFI is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all products identified by LENSBABY with infringing marks.  PFI has no adequate

remedy at law for LENSBABY's wrongful conduct because, inter alia, (a) PFI's

THE EDGE and EDGE trademarks are unique and valuable property that has no

readily determinable market value; (b) LENSBABY's infringement constitutes

harm to PFI's business reputation and goodwill such that PFI could not be made

whole by any monetary award; (c) if LENSBABY's wrongful conduct is allowed

to continue, the public and relevant market are likely to become further confused,

mistaken, or deceived as to the source, origin or authenticity of the products

identified by the infringing mark; and (d) LENSBABY's wrongful conduct, and

the resulting damages to PFI, is, on information and belief, on-going.

**Fourth Cause of Action**
**California State Unfair Competition**
**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**

39.     PFI incorporates by reference paragraphs 1 through 21, paragraphs 23

through 29, paragraphs 31 through 34, and paragraphs 36 through 38, inclusive,  as

if fully set forth herein.

40.     The conduct complained of herein constitutes unfair competition

within the meaning of California Business and Professions Code § 17200 *et seq.*

41.     LENSBABY should therefore be required to disgorge all profits

obtained through its acts of unfair competition.

42.     The illegal conduct by LENSBABY complained of herein is ongoing

and unlikely to cease unless enjoined.  PFI has no adequate remedy at law for

1   LENSBABY's wrongful conduct because, inter alia, (a) PFI's EDGE trademark is

2   unique and valuable property that has no readily determinable market value; (b)

3   LENSBABY's infringement constitutes harm to PFI's business reputation and

4   goodwill such that PFI could not be made whole by any monetary award; (c) if

5   LENSBABY's wrongful conduct is allowed to continue, the public and relevant

6   market are likely to become further confused, mistaken, or deceived as to the

7   source, origin or authenticity of the products identified by the infringing mark; and

8   (d) LENSBABY's wrongful conduct, and the resulting damages to PFI, is, on

9   information and belief, on-going.

10

11

                           **Fiftth Cause of Action**

12              **Constructive Trust upon Illegal Profits**

13      43.      PFI incorporates by reference paragraphs 1 through 21, paragraphs 23

14   through 29, paragraphs 31 through 34, paragraphs 36 through 38, and paragraphs

15   39 through 42, inclusive, as if fully set forth herein.

16      44.      LENSBABY's conduct constitutes deceptive, fraudulent, and

17   wrongful conduct in the nature of passing off products identified with infringing

18   trademarks as approved or authorized by Plaintiff.

19      45.      By virtue of LENSBABY's wrongful conduct, LENSBABY has

20   illegally received money and profits that rightfully belong to PFI.

21

46.     PFI is also entitled, pursuant to 15 U.S.C. § 1117(a) to recover any and all profits of LENSBABY that are attributable to their acts of infringement or other violations thereof.

47.     Upon information and belief, LENSBABY holds the illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

48.     LENSBABY holds the money and profits that they have illegally received as constructive trustees for the benefit of PFI.


**Sixth Cause of Action**
**Accounting**

49.     PFI incorporates by reference paragraphs 1 through 21, paragraphs 23 through 29, paragraphs 31 through 34, paragraphs 36 through 38, paragraphs 39 through 42, and paragraphs 44 through 48, inclusive,  as if fully set forth herein.

50.     PFI is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of LENSBABY that are attributable to their acts of infringement or other violations thereof.

51.     The amount of money due from LENSBABY to PFI is unknown to PFI and cannot be ascertained without a detailed accounting by LENSBABY of the precise number of units of infringing products offered for distribution and/or distributed by LENSBABY.

## Demand for Jury Trial

PFI hereby demands a trial by jury on all of its claims.

## Prayer for Relief

Wherefore, Plaintiff PFI prays judgment as follows:

A. LENSBABY, its officers, directors, agents, servants, employees and all persons in active concert and participation with them, shall be enjoined by permanent injunction and restrained from, in any manner, directly or indirectly, using, promoting, advertising, displaying, offering to sell, selling, or otherwise marketing in the United States any products identified with a mark containing the word EDGE, either alone or in combination with other terms, or any colorable imitation thereof;

B. LENSBABY shall be jointly and severally liable to PFI for all profits LENSBABY has derived from selling any products with the name EDGE in the United States or a colorable imitation thereof;

C. This case shall be deemed an exceptional case and all damages awarded hereunder shall be trebled in accordance with the provisions of 15 U.S.C. § 1117;

D. All infringing products within LENSBABY's possession, custody or control identified by a name containing the term "Edge," or the mark EDGE, or any confusingly similar name, and any and all advertising

1   and/or marketing materials for same shall be delivered up for

2   impoundment and destruction as the Court directs, pursuant to 15 U.S.C.

3   § 1116;

4   E. LENSBABY shall file a report with the Court under oath in accordance

5   with 15 U.S.C. § 1116 setting forth the manner and form of its

6   compliance with this Court's injunction;

7   F. LENSBABY shall be jointly liable for PFI's reasonable attorneys' fees,

8   pursuant to 15 U.S.C. § 1117(a);

9   G. For an award to PFI of its court costs;

10  H. For such other and further relief as available by law and as the Court

11  shall deem just, fair and proper.

12

13

14  Dated:        August 26, 2014          Respectfully submitted,

15                                         THE ECLIPSE GROUP LLP

16

17                              By: _____

18                                  Paul N. Tauger
                                    Anna M. Vradenburgh
19                                  Attorneys for Plaintiff
                                    PERFORMANCE FILMWORKS
20                                  INC.

21